# In the United States Court of Federal Claims

BID PROTEST

|  |  |  |
|---|---|---|
| B.L. HARBERT INTERNATIONAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25-1725C |
| | ) | (Filed: October 23, 2025) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Before the Court is the government's unopposed motion for a remand to the Army Corps of Engineers until November 21, 2025, to allow the agency to "(1) reconsider its evaluation of the project labor agreement ("PLA") submitted by Plaintiff, B.L. Harbert International, LLC (B.L. Harbert); (2) seek additional clarifying information from awardee Bryan Construction, Inc. (Bryan) and then reconsider the agency's position regarding Bryan's PLA; and (3) take any other actions the agency deems appropriate." ECF No. 21.

In accordance with RCFC 52.2(a), which permits the Court to "order the remand of appropriate matters to an administrative or executive body," and for good cause shown, the government's motion for remand is **GRANTED**. This case is hereby **STAYED** and **REMANDED** to the United States Army Corps of Engineers for the purposes stated above until November 21, 2025. B.L. Harbert's Motion for Preliminary Injunction, ECF No. 2, is **DENIED as moot**.

Within seven days of the conclusion of the remand, but no later than November 28, 2025, the parties shall submit a joint status report that sets forth the parties' positions regarding whether further litigation is necessary, and, if so, suggests a schedule for further proceedings.

Notwithstanding RCFC 52.2(b)(2), counsel of record for the United States **SHALL** provide a copy of this order to the cognizant contracting officer, which shall constitute service pursuant to that Rule.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge